AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the

### District of South Dakota

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   5:20-mj-189 |
| INFORMATION ASSOCIATED WITH THE TELEPHONE NUMBERS ASSOCIATED WITH IP ADDRESS 2607: fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020 at 5:22:55 UTC, THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | ) ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Information associated with the telephone numbers associated with IP address 2607:fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020 at 5:22:55 UTC, that is stored at premises controlled by T-Mobile (further described in Attachment A).

located in the _____unknown_____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    ❏ evidence of a crime;

    ❏ contraband, fruits of crime, or other items illegally possessed;

    ❏ property designed for use, intended for use, or used in committing a crime;

    ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846, 841(a)(1) and 841(b)(1)(A) | Conspiracy to Distribute a Controlled Substance (methamphetamine) |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ogoing criminal investigation conducted by the DEA and USMS. See U.S.C. 3122(b), 2123(b).

    ☑ Continued on the attached sheet.

    ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brent Johnson, Deputy USMS
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  __8/31/20__

*Judge's signature*

City and state:  Rapid City, SD

Daneta Wollmann
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH DAKOTA

| IN THE MATTER OF THE SEARCH OF: Information associated with the telephone numbers associated with IP address 2607:fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020 at 5:22:55 UTC, that is stored at premises controlled by T-Mobile | Case No. \_\_\_\_5:20-mj-189_____ **Filed Under Seal** |
| --- | --- |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Brent Johnson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the information associated with the telephone numbers associated with IP address 2607:fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020 at 5:22:55 UTC, with listed subscriber unknown but believed to belong to Rayne Jackson (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.     Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).

     3.     I am a Deputy with the United States Marshals Service, and have been so employed for approximately twelve years. I am currently assigned to the United States Marshals Service sub office in Rapid City, SD, and am charged with investigating and apprehending fugitives.  I am also a member of the Black Hills Fugitive Task Force.   I have prepared for and/or assisted on a number of arrest warrants for the location and apprehension of fugitives. I know from my training and experience that persons who have active warrants for their arrest will often conceal their identity and their locations from law enforcement.  They will also travel outside the State of South Dakota in an attempt to hide from law enforcement. I know from my training and experience that individuals who are on the run from law enforcement will often utilize electronic devices such as mobile telephones, electronic address books, computers, etc., to facilitate communications with, and/or store names, addresses and/or telephone numbers of, family and associates. Through my training and experience, I know that many modern mobile telephones have the ability to create, send, receive and store digital files, and contain GPS and other location identifying information.  Further, they have the ability to track incoming and outgoing calls, as well as an array of other information. Through training and experience, I know that individuals who are attempting to hide from law enforcement will carry cellular telephones on their person.  Having the ability to pinpoint GPS location of that telephone will enable law enforcement to locate and safely apprehend suspects.  Through training and experience, I know that individuals who are attempting to hide from law enforcement will often change their cellular telephone numbers if they suspect it has been compromised and/or detected by law enforcement and/or if they believe law enforcement is close to discovering their location. Having the ability to pinpoint GPS location of that telephone as well as its historical location information without

knowledge of the person being sought will enable law enforcement to locate and safely apprehend suspects.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that Rayne Jackson has violated 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  Jackson was charged with these crimes on July 23, 2020 and is the subject of an arrest warrant issued on or about July 23, 2020.  It is unknown if Jackson is aware of these charges and has fled.  Based on investigative activities including search warrants of residences, it is possible Jackson knows co-conspirators were under investigation.   There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Jackson, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.      The United States, including the DEA and USMS, is conducting a criminal investigation of Rayne Jackson and other subjects regarding possible violations of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

8.      Law enforcement has investigated a broad methamphetamine distribution

3

conspiracy operating from at least summer 2019 through April 2020.   Rayne Jackson was identified as a sub-distributor and drug courier for the organization. Based on investigation, Jackson travelled between South Dakota from California on at least two occasions.

9.      Jackson was indicted by a federal grand jury on July 23, 2020, for conspiracy to distribute 500 grams or more of methamphetamine (CR 20-50050). An arrest warrant was issued on or about July 23, 2020.

10.     Law enforcement obtained a Facebook Pen Register Trap & Trace for Jackson's Facebook page on July 28, 2020 (5-20-mj-152). The IP address 2607:fb90:6ed4:9a15:0000:0013:6b89:4501 used on August 26, 2020 at 5:22:55 UTC came from Jackson utilizing her Facebook at that time. The information from the search here will identify the location of the phone that used that IP, which is unique to the phone.

11.     Law enforcement has been unable to locate Jackson through other investigative means.

12.     The IP address that is the subject of the search warrant does not frequently change and is unique to Jackson's phone, just like the phone number.

13.     Records indicate that T-Mobile is the provider for the phone utilizing the target IP address. T-Mobile is operated out of Parsippany, New Jersey.

14.     In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively

4

precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15.    Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

16.    Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

5

## AUTHORIZATION REQUEST

17.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

19.     I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile.  I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such

6

intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

20.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

21.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Brent Johnson
Deputy United States Marshal

Subscribed and sworn to before me on August _31_, 2020

Daneta Wollmann
UNITED STATES MAGISTRATE JUDGE

7

## ATTACHMENT A

### Property to Be Searched

1. Information associated with the telephone numbers associated with IP address 2607:fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020 at 5:22:55 UTC, (the "Target Cell Phone"), whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile.

## **ATTACHMENT B**

### **Particular Things to be Seized**

### **I.   Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A
for a period of thirty days, during all times of day and night.  "Information about the location of
the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude
data, and other precise location information, including RTT/NELOS/PCMD/TRU-CALL reports,
as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic
areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone
described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter,
"Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is
required to disclose the Location Information to the government.  In addition, T-Mobile must
furnish the government all information, facilities, and technical assistance necessary to
accomplish the collection of the Location Information unobtrusively and with a minimum of
interference with T-Mobile's services, including by initiating a signal to determine the location
of the Target Cell Phone on T-Mobile's network or with such other reference points as may be
reasonably available, and at such intervals and times directed by the government.  The
government shall compensate T-Mobile for reasonable expenses incurred in furnishing such
facilities or assistance.

This warrant does not authorize the seizure of any tangible property.  In approving this
warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18
U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that will assist in arresting Rayne Jackson who was charged with violating 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) on or about July 23, 2020, is the subject of an arrest warrant issued on or about July 23, 2020, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of South Dakota

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>**INFORMATION ASSOCIATED WITH THE TELEPHONE**<br>**NUMBERS ASSOCIATED WITH IP ADDRESS 2607:**<br>**fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020 at 5:22:55**<br>**UTC, THAT IS STORED AT PREMISES CONTROLLED BY**<br>**T-MOBILE** | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.   5:20-mj-189 |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____unknown_____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

information associated with the telephone numbers associated with IP address 2607:fb90:6ed4:9a15:0000:0013:6b89:4501 on 08/26/2020
at 5:22:55 UTC, that is stored at premises controlled by T-Mobile (further described in Attachment A).

*This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A) and Federal Rule of Criminal Procedure
41.  Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. §
3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     September 13, 2020     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _____ .
                                                                                                          *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

| | |
|---|---|
| Date and time issued:     8/31/20 at 4:30pm | *Judge's signature* |
| City and state:     Rapid City, SD | Daneta Wollmann<br>*Printed name and title* |

cc:  AUSA Rich via email

clr

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br><br>5:20-mj-189 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*